United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 10, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 20-34238** |
| **PROVIDENCE HOSPITAL OF NORTH HOUSTON LLC,** | § | |
| | § | **CHAPTER 7** |
| **Debtor.** | § | |
| **ALLISON D. BYMAN, CHAPTER 7 TRUSTEE,** | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **ADVERSARY NO. 21-3426** |
| **DOCTORS HOSPITAL 1997 LP,** | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT
THAT DOCTORS HOSPITAL 1997, LP'S
MOTION TO WITHDRAW THE REFERENCE BE DENIED**
***Resolving ECF No. 14***

Doctors Hospital 1997, LP, d/b/a/ United Memorial Medical Center requests that this Court recommend to the District Court that the reference of this adversary proceeding be withdrawn. Allison D. Byman, Chapter 7 Trustee, opposes this request. For the reasons set forth *infra*, and as required by Federal Rule of Bankruptcy Procedure 5011 and Bankruptcy Local Rule 5011-1, this Court recommends against withdrawal of the reference. However, if the Honorable United States District Court disagrees, and concludes that cause exists to withdraw the reference, this Court recommends, in the alternative, that it maintain the reference for adjudication of the remaining pretrial matters, with the undersigned judge thereafter notifying the Honorable United States District Court when the dispute is ready to be tried.

## I. Background

1. On August 22, 2020, Providence Hospital of North Houston LLC filed a chapter 7 petition.[1]

2. On May 17, 2021, Allison D. Byman, Chapter 7 Trustee ("*Trustee* or *Plaintiff*") filed an adversary proceeding against Doctors Hospital 1997, LP d/b/a/ United Memorial Medical Center ("*Defendant*"), requesting relief in the following causes of action: (1) Breach Of Contract; and (2) Declaratory Judgment ("*Original Complaint*").[2] Trustee sought monetary damages in the amount of $1,471,328.06.[3]

3. On June 17, 2021, Defendant filed its answer to the Original Complaint ("*Answer*").[4] In its Answer, Defendant does not consent to the entry of final orders on all non-core issues by this Court[5] and requested a jury trial on all issues at common law.[6]

4. On July 13, 2021, the Court held a scheduling conference and issued its scheduling order providing Defendant until August 12, 2021 to file its motion to withdraw the reference.[7]

5. On August 11, 2021, Defendant timely filed its "Defendants Motion to Withdraw the Reference" ("*Motion to Withdraw*").[8]

6. On September 1, 2021, Trustee filed her response in opposition to the Motion to Withdraw.[9]

7. On September 29, 2021, the Court issued an Order granting Trustee leave until October 20, 2021 to file an amended complaint and Defendant until November 10, 2021 to file an Amended Motion To Withdraw. [10]

8. On October 20, 2021, Trustee filed an amended complaint ("*Amended Complaint*")[11] against Defendant requesting relief for: Turnover of Property of the Estate – 11 U.S.C. § 542(b). Trustee sought turnover in the amount of $1,471,328.06.[12] No further pleadings have been filed.

9. In the Amended Complaint, Trustee seeks turnover of payments that Defendant owes Providence Hospital of North Houston LLC ("*Providence*" or the "*Debtor*") under a Memorandum of Understanding ("*MOU*") and Bill of Sale ("*Bill of Sale*" collectively "*Contracts*") for

---

[1] Citations to the docket in this adversary proceeding styled *Allison D. Byman, Chapter 7 Trustee vs. Doctors Hospital 1997, LP,* 21-3426 (the "*Adversary Proceeding*"), shall take the form "ECF No. —," while citations to the bankruptcy case, 20-34283 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. —." Bankr. ECF No. 1.
[2] ECF No. 1
[3] *Id.*
[4] ECF No. 5.
[5] *Id.* at 2, ¶ 7.
[6] ECF No. *5* at 7, ¶ 50.
[7] ECF No. 11.
[8] ECF No. 14.
[9] ECF No. 16.
[10] ECF No. 17.
[11] ECF No. 19.
[12] *Id.*

Defendant to purchase Debtor's hospital and operations.[13]

10. Under the Contracts, Defendant was to pay Debtor an initial deposit of $1.5 million in three equal installments.[14]

11. Trustee further alleges that after the Debtor transferred its operations to Defendant, Defendant failed to make the final $500,000 installment payment of the $1.5 million deposit and failed to reimburse the Debtor for numerous operating expenses totaling $971,328.06, [15] and seeks a judgment from this Court that determines that Defendant must turn over the amount of $1,471,328.06 (the "*Debt*") plus attorney's fees and costs pursuant to the terms of the Contracts and Section 38.001 of the Texas Civil Practices and Remedies Code.[16]

## II. Analysis

### A. Motion to Withdraw Reference

In the Southern District of Texas, "a party should move to withdraw the reference within [ninety] days of the complaint or notice of removal" in an adversary proceeding.[17] Despite the ninety-day window, "a party may challenge the bankruptcy judge's authority at any time."[18] Additionally, once there has been either a valid jury demand or a notice of non-consent, "the bankruptcy court can no longer conduct the trial of the matter unless neither party timely seeks to withdraw the reference."[19] If neither party timely moves to withdraw the reference, the bankruptcy court may construe that failure as "a waiver of the party's right to a jury trial."[20] On August 11, 2021, Defendant timely filed its Motion to Withdraw eighty-six days after the Original Complaint was filed.[21]

---

[13] ECF No. 19 at 1-2, ¶ 1.
[14] *Id.*
[15] *Id.* at 2, ¶ 2.
[16] *Id.,* ¶¶ 3, 4.
[17] *In re: Bankruptcy Jurisdiction*, Gen. Order 2011–12 (S.D. Tex. Nov. 29, 2011).
[18] *Id.* (noting that "the general right of a party in interest to move to withdraw an adversary proceeding or contested matter to the district court remains" outside the ninety-day window); *see also In re Quality Lease and Rental Holdings, LLC*, No. 14–6005, 2016 WL 416961, at *4 (Bankr. S.D. Tex. Feb. 1, 2016) (reading Gen. Order No. 2011–12 as not "prohibit[ing] a party's ability to request withdrawal after the expiration of [ninety] days.").
[19] *In re Blackwell*, 279 B.R. 818, 819 (Bankr. W.D. Tex. 2002).
[20] *Id.* at 820.
[21] *See* ECF Nos. 1 and 14; *see also* Gen. Order 2011–12 (S.D. Tex. Nov. 29, 2011) ("In an adversary proceeding, a party should move to withdraw the reference within 21 days of the complaint or notice of removal.").

**1. Defendant waived its right to a jury trial**

Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 9015 incorporates Federal Rule of Civil Procedure ("*Rule*") 38 regarding jury trials, "except that a demand made pursuant to Rule 38(b) . . . shall be filed in accordance with Rule 5005."[22] Under Rule 38(b)(1), "a party may demand a jury trial by serving the other parties with a written demand . . . no later than [fourteen] days after the last pleading directed to the issue is served."[23] Otherwise, a party waives the right to a jury trial.[24] "Once a party has claimed a jury trial, all issues within that claim are to be tried to the jury whether extended to new parties and whether restated, as long as the substance of the claim is unchanged."[25] Rule 7(a), as incorporated by Bankruptcy Rule 7007, defines "pleading" as: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.[26]

Here, Defendant waived its right to a jury trial by failing to reassert its jury demand after Trustee filed her Amended Complaint. Originally, Defendant properly filed its jury demand in its Answer on June 17, 2021.[27] Since an answer is considered a pleading itself under Rule 7(a), there is no doubt that Defendant's jury demand was less than fourteen days after the last pleading directed to the issue was served. However, Trustee filed an Amended Complaint on October 20, 2021.[28] Critically, the Amended Complaint was brought pursuing only a single cause of action for turnover of property of the estate under 11 U.S.C. § 542(b).[29] This turnover action was not pled in the Original

---

[22] FED. R. BANKR. P. 9015(a) (generally requiring filing papers with the court clerk).
[23] FED. R. CIV. P. 38(b)(1).
[24] FED. R. CIV. P. 38(d).
[25] *Rosen v. Dick*, 639 F.2d 82, 91 (2d Cir. 1980); *Williams v. Agilent Techs.*, No. 04-1810 MMC, 2004 U.S. Dist. LEXIS 32096, at *3 (N.D. Cal. 2004).
[26] FED. R. CIV. P. 7(a).
[27] ECF No. 5.
[28] ECF No. 19.
[29] *Id.*

Complaint which sought relief for two causes of action: (1) Breach Of Contract; and (2) Declaratory Judgment.[30] Although a jury demand would ordinarily survive an Amended Complaint,[31] this is not the case when, as here, new claims are raised.[32] By failing to reassert a jury demand in response to the Amended Complaint containing a new cause of action, Defendant waived its right to a jury trial. Thus, Defendant did not properly file a timely jury demand.

**2. Defendant is not entitled to a jury trial**

Even if Defendant had timely and properly asserted a jury demand, Defendant is not entitled to a jury trial. A defendant's right to a jury trial is a significant factor in determining whether reference to the bankruptcy court should be withdrawn.[33] If a party entitled to a jury trial requests a jury and does not consent to a jury trial in the bankruptcy court, then the bankruptcy court must recommend that the reference be withdrawn.[34] A defendant is constitutionally entitled to a jury trial "in suits at common law, where the value in controversy shall exceed twenty dollars . . . ."[35] Suits at law are those in which legal rights are ascertained and determined as opposed to those based on equitable rights, requiring equitable remedies.[36] The right does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[37] Instead, if the plaintiff seeks a legal remedy, the defendant has

---

[30] ECF No. 1.

[31] *Unidev, L.L.C. v. Hous. Auth. of New Orleans*, 250 F.R.D. 268, 271 (E.D. La. 2008) ("Amendments not introducing new issues will not give rise to a demand for a jury trial.").

[32] *Wolf v. Bd. of Educ.*, 93 Civ. 6059 (WHP), 1999 U.S. Dist. LEXIS 1799, at *4 (S.D.N.Y. 1999) ("A previously asserted jury demand survives an amendment to the pleadings only to the extent that no new claims are raised.").

[33] *Tow v. Park Lake Cmtys., LP (In re Royce Homes, LP)*, 578 B.R. 748, 763 (Bankr. S.D. Tex. 2017) (citing *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) ("As to the latter, in *In re Clay* the Fifth Circuit held that there must be withdrawal of the reference as to claims to which the right to trial by jury attach.)).

[34] *In re Quality Lease & Rental Holdings, LLC*, No. 14-60074, 2016 WL 416961, at *5 (Bankr. S.D. Tex. Feb. 1, 2016), report and recommendation adopted, No. AP 14-6005, 2016 WL 11644051 (S.D. Tex. Feb. 29, 2016) (citing *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994)); *see also* 28 U.S.C. § 157(e) (requiring, inter alia, that all parties expressly consent to a bankruptcy judge conducting a jury trial).

[35] U.S. CONST. amend. VII.

[36] *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

[37] *Id.*

a right to a jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a core proceeding.[38]

Here, in her Amended Complaint, Trustee has pled a single cause of action for turnover of property of the estate under 11 U.S.C. § 542(b), seeking turnover in the amount of $1,471,328.06.[39] As other courts have previously noted, "the purpose of § 542 lies in equity—§ 542 invokes the equitable powers of the bankruptcy court to gather and manage property of the estate."[40] Section 542 is an equitable remedy because it provides for turnover of funds rather than legal relief in the form of a money judgment.[41]

Accordingly, since Trustee's claim seeks an equitable remedy, Defendant is not entitled to a jury trial.

**B. This Court recommends that the Honorable United States District Court deny Defendant's Motion to Withdraw the Reference under either the mandatory or permissive withdrawal provision**

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under [t]itle 11 or arising in or related to a case under [t]itle 11 of the United States Code" to the United States Bankruptcy Courts.[27] Pursuant to 28 U.S.C. § 157(d), the District Court may withdraw any case or proceeding referred under § 157, on its own motion or on timely motion of any party for cause shown. Additionally, a district court shall withdraw any case or proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating

---

[38] *Id.*
[39] ECF No. 19.
[40] *In re Porretto*, No. 09-35324, 2012 WL 5177977, at *7 (Bankr. S.D. Tex. Oct. 18, 2012) (citing COLLIER ON BANKRUPTCY P 542.01 (16th ed.)); *see also Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009) ("[A turnover action] invokes the court's most basic equitable powers to gather and manage property of the estate.").
[41] *In re Porretto*, No. 09-35324, 2012 WL 5177977, at *7; *In re Stangler*, 186 B.R. 460, 464 (Bankr. D. Minn. 1995).
[27] *See In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

organizations or activities affecting interstate commerce."[42] There are two provisions for withdrawing a case referred to a bankruptcy court: (1) mandatory; and (2) permissive withdrawals.[43] Under either provision, this Court recommends that Defendant's Motion to Withdraw be denied.

**1. Mandatory Withdrawal of the Reference**

Pursuant to the Southern District General Order No. 2012-6, in accordance with 28 U.S.C. § 157(a), bankruptcy cases and proceedings under title 11 or arising in or related to a case under title 11 of the United States Code are automatically referred to the bankruptcy court. There are two situations in which a reference must be withdrawn. First, the mandatory withdrawal provision of § 157(d) states, "[t]he district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[44] The mandatory withdrawal provision should be interpreted restrictively, "granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law."[45] In the instant adversary proceeding, there are no causes of action involving federal law outside of the Code. Rather, Trustee is bringing only one claim, and it is based upon an express provision of the Code: namely, § 542(b). Accordingly, the first condition requiring mandatory withdrawal is inapplicable.

The second instance in which the reference must be withdrawn is controlled by § 157(e). Section 157(e) provides that a bankruptcy judge may only conduct a jury trial if specially designated to do so by the district court and with the express consent of all the parties.[46] Consequently, a valid

[42] 28 U.S.C. § 157(d).
[43] *See id.*
[44] *Id.*
[45] *Levine*, 400 B.R. at 203.
[46] 28 U.S.C. § 157(e).

demand for a trial by jury may "have the effect of mandating withdrawal to the District Court for trial."[47] Here, Defendant does not consent to such trial proceeding in this Court.[48] However, the Court has already determined that Defendant waived its right to a jury and is not entitled to a jury trial for Trustee's § 542 action. Therefore, a valid demand for a jury trial has not been made and the second instance triggering mandatory withdrawal is inapplicable.

Accordingly, neither situation requiring mandatory withdrawal is present and this Court will now address permissive withdrawal of the reference.

**2. Permissive Withdrawal of the Reference**

In addition to mandatory withdrawal, § 157(d) also provides for permissive withdrawal "on [the court's] own motion or on timely motion of any party, for cause shown."[49] Here, there is no question that Defendant has timely filed its motion to withdraw the reference: it filed this motion eighty-six days after Trustee initiated the Complaint.[50] Thus, the sole question is whether sufficient cause exists for the District Court to withdraw the reference.

The party seeking withdrawal of the reference bears the burden of establishing cause under § 157(d).[51] Further, "[c]ause for withdrawal can exist only if premised upon a sound articulated foundation."[52] The Fifth Circuit in *Holland* provides a list of six factors for a district court to consider in determining whether cause is shown for permissive withdrawal: whether "(1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3)

---

[47] *Star Mt. Plan Tr. v. Titan Mining (US) Corp.*, No. CV-21-01002-PHX-GMS, 2021 U.S. Dist. LEXIS 214816, at *11 (D. Ariz. 2021) (citing *Growe ex rel. Great Northern Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 492 (D. Me. 2005)).
[48] ECF No. 13.
[49] 28 U.S.C. § 157(d).
[50] *See* ECF Nos. 1 and 14; *see also* Gen. Order 2011–12 (S.D. Tex. Nov. 29, 2011) ("In an adversary proceeding, a party should move to withdraw the reference within 21 days of the complaint or notice of removal.").
[51] *In re Morrison,* 409 B.R. 384, 389 (S.D. Tex. 2009). Moreover, cause "can exist only if premised upon a 'sound articulated foundation.'" *Vela v. Enron Oil & Gas Co*., 2007 U.S. Dist. LEXIS 38997, at *2 (S.D. Tex. May 29, 2007) (quoting *Holland Am. Ins. Co.*, 777 F.2d at 998)).
[52] *Id.* (internal quotation marks and citations omitted).

forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial."[53]

For the reasons explained below, this Court recommends that the District Court deny Defendant's Motion to Withdraw where four of the six *Holland* factors weigh against withdrawal, one of the factors is neutral with respect to withdrawal, and only one of the factors weighs in favor of withdrawal.

**1. The first factor: the underlying lawsuit is a core proceeding**

First, this Court considers whether Trustee's claim is core. The core versus non-core factor is important within the permissive withdrawal analysis but is not alone determinative.[54] This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[55] The bankruptcy court has power to enter final orders and judgments if a matter is deemed to be a "core" proceeding.[56] A proceeding is "core" if it involves substantive rights provided by the Code or could arise only in the context of bankruptcy.[57] Conversely, a "non-core" proceeding is one that could "conceivably have any effect on the estate being

---

[53] *Compton v. GL Noble Denton (In re MPF Holding US LLC)*, 2013 Bankr. LEXIS 5772, at *3 (Bankr. S.D. Tex. Apr. 26, 2013) (citing *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).
[54] *In re Morrison*, 409 B.R. at 392.
[55] 28 U.S.C. § 157(a). *See, e.g.*, *In re: Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012) (granting a standing order of referring all bankruptcy cases to the bankruptcy court).
[56] 28 U.S.C. § 157(b).
[57] *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

administered in bankruptcy."[58] Although non-core matters can be heard by the bankruptcy court, only a district court can enter "final order[s] and judgment[s]," without consent of the parties.[59]

Here, Trustee seeks relief solely under § 542, a provision of the Code which is entitled "Turn-over of property to the estate." 28 U.S.C. § 157(b)(2)(E) expressly sets forth that "[c]ore proceedings include . . . (E) orders to turn over property of the estate." Because the Trustee's claim under § 542(b) is expressly deemed to be a core proceeding under 28 U.S.C. § 157(b)(2)(E) and involves substantive rights provided by the Code, this factor—at first blush—weighs against withdrawal of the reference. However, in its Answer, Defendant asserts that the turnover action brought in the Original Complaint is actually non-core.[60] Notably, however, Defendant does not re-assert such allegation as to the Amended Complaint.

At the hearing, Defendant noted that courts are divided as to whether an action brought under § 542 constitutes a core claim when closely related to a state law breach of contract claim.[61] In *Highland Capital Management L.P.*, the Court concluded that where a non-core breach of contract claim and § 542 turnover action were pled together, the § 542 action was derivative of breach of contract claim and, thus, the bankruptcy court lacked authority to issue a final order.[62] There, the

---

[58] *Id.* at 93.

[59] *Id.* § 157(c)(1); *In re BP RE, L.P.*, 735 F.3d 279, 286 (5th Cir. 2013) (noting that in order to have constitutional authority to enter final judgments this Court must also determine whether the underlying issue (1) "stems from the bankruptcy itself," or (2) it "would necessarily be resolved in the claims allowance process.").

[60] *See* ECF No. 5 at 2, ¶ 7 ("UMMC denies that the matters pled in the Complaint constitute a core proceeding.").

[61] *See In re Royce Homes, LP*, 578 B.R. at 757 (finding that § 542 sufficiently arrogates general law concepts and transforms them into bankruptcy); *see also Romo v. Montemayor (In re Montemayor)*, 547 B.R. 684, 692 (Bankr. S.D. Tex. 2016) (bankruptcy court had authority under *Stern* to issue a final order in an action brought pursuant to Section 542(b), because an action "to turnover assets belonging to the bankruptcy estate [is] a matter which solely concerns federal bankruptcy law"); *but see Highland Capital Mgmt. L.P. v. Nexpoint Real Estate Partners, LLC (In re Highland Capital Mgmt. L.P.)*, Nos. 19-34054-SGJ-11 (CHAPTER 11), 3:21-CV-01379-G), 2021 Bankr. LEXIS 2244, at *13 (Bankr. N.D. Tex. 2021) (finding that a turnover action under § 542 was derivate of a breach of contract claim).

[62] *Highland Capital Mgmt. L.P*, Nos. 19-34054-SGJ-11 (CHAPTER 11), 3:21-CV-01379-G), 2021 Bankr. LEXIS 2244, at *13.

court reasoned that "[a] turnover action under 11 U.S.C. § 542(b) cannot be tacked onto a complaint so as to confer authority in the bankruptcy court to adjudicate an otherwise non-core claim."[63]

This Court, however, is persuaded by the reasoning in *In re Royce Homes, LP*.[64] In *In re Royce Homes, LP*, a single cause of action was brought for turnover under § 542.[65] There, the Court found that the claim was core adopting the rationale of the Second Circuit holding that "[a]lthough 'actions on account and debt and contract generally arise under state law,' § 542(b) 'sufficient[ly] . . . arrogate[s] the general law concepts and transform[s] them into bankruptcy law.'"[66] This reasoning is supported by the fact that the Code specifically enumerates a turnover action as a core proceeding. Furthermore, unlike in *Highland Capital Management L.P.*, here, Trustee does not bring a breach of contract action in the Amended Complaint, but only a single cause of action under § 542. Thus, there is no "tacking" of a turnover action onto a complaint containing an otherwise non-core claim. As in *In re Royce Homes, LP*, this Court finds that an action under § 542(b) does not become non-core merely because it is arguably rooted in state law.

Having made this determination, it is clear that Trustee's § 542(b) claim falls within the category of core proceedings delineated by 28 U.S.C. § 157(b)(2)(E).[67] Section 542 involves turnover of one type of intangible property of the estate—namely, a debt owed to the estate such as an account receivable or a note receivable. In this case, Trustee has properly alleged that the Debt owed is property of the Debtor's Chapter 7 estate,[68] and, in her capacity as Chapter 7 Trustee, Trustee is attempting to recover the Debt by bringing this claim pursuant to § 542(b). For these reasons, this

---

[63] *Id.*
[64] 578 B.R. at 757.
[65] *Id.*
[66] *Id.* (quoting *In re Willington Convalescent Home, Inc.*, 850 F.2d 50, 52 n.2 (2d Cir. 1988)).
[67] "Core proceedings include . . . (E) orders to turn over property of the estate." 28 U.S.C. § 157(b)(2)(E).
[68] ECF No. 1 at 7, ¶ 33.

Court finds that Trustee's § 542(b) claim falls within the category of core proceedings outlined in 28 U.S.C. § 157(b)(2)(E).

Accordingly, the first factor weighs against withdrawal of the reference because only a single core matter, Trustee's § 542(b) turnover claim, is brought in the Amended Complaint.

**2. The second factor: uniformity in the bankruptcy administration is neutral**

Uniformity in bankruptcy administration is promoted by allowing a bankruptcy court familiar with the facts to adjudicate the proceeding.[69] This factor considers whether the bankruptcy court has become intimately familiar with the underlying facts, the parties, and the remaining issues.[70] If the bankruptcy court maintains an "intimate familiarity" with the case and has dedicated a large amount of time and resources to the adversary proceeding, this factor "weighs heavily in favor of denying" the withdrawal of the reference.[71] Conversely, this factor favors withdrawal when a motion to withdraw the reference is filed shortly after a complaint and the court has not reached a significant level of familiarity with the case.[72] This adversary proceeding commenced nearly seven months ago.[73] To date, this Court has held two hearings: (1) regarding the Court's scheduling order;[74] and (2) regarding Defendant's Motion to Withdraw.[75] The Court is familiar with the facts of this case and the underlying bankruptcy case. However, this Court has not dedicated so much time to this adversary proceeding such that withdrawal would destroy uniformity.

Accordingly, the second factor is neutral.

**3. The third factor: forum shopping and confusion will be reduced**

---

[69] *Johnson v. Williamson (In re British Am. Props.)*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007).
[70] *Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 868 (Bankr. S.D. Tex. 2006).
[71] *Id.*
[72] *Waldon v. Nat'l Fire Ins. Co. (In re EbaseOne Corp.)*, 2006 Bankr. LEXIS 1861, at *14–15 (Bankr. S.D. Tex. June 14, 2006).
[73] ECF No. 1.
[74] ECF No. 10.
[75] ECF No. 23.

This factor considers whether the moving party has been provoked to forum shop. Courts consider whether the bankruptcy court has made rulings adverse to the moving party and whether the party is asserting its right to a jury trial in good faith or merely as a tool of forum shopping.[76] The main consideration under this factor is whether a party appears to be forum shopping. Forum shopping may appear if the moving party has participated in the underlying bankruptcy case and unfavorable rulings have been made against it.[77] Forum shopping may also appear if the moving party does not invoke its right to a jury trial "through an appropriate motion until after the parties and court have expended significant time and resources resolving pre-trial matters."[78]

Defendant submits that it has not filed a claim in Debtor's bankruptcy case, nor has it otherwise invoked this Court's jurisdiction.[79] Because Defendant has not participated in the underlying bankruptcy case, no rulings adverse to Defendant have been made therein. Moreover, nothing in the record indicates that Defendant is invoking its right to a jury trial with the hopes of landing in a more favorable forum. Furthermore, Trustee herself admits that "there is no indication that the Defendant's Motion is intended as a forum shopping mechanism or to cause confusion."[80]

Accordingly, the third factor weighs in favor of withdrawal of the reference.

**4. The fourth factor: economic use of Debtor's and creditors' resources will be maximized**

Courts consider whether economical use of the parties and the judicial system's resources would be maximized by declining to withdraw the reference. By its nature, "[b]ankruptcy aims to

---

[76] *See, e.g.*, *In re MPF Holding US LLC*, 2013 Bankr. LEXIS 5772, at *6 (finding that the moving party had not participated in the underlying bankruptcy case and therefore, no rulings against it had been made and that movant had a good faith right to a jury trial); *In re Blake*, 400 B.R. at 206 (explaining that there is a presumption against finding the waiver of a constitutional right, such as the right to a jury trial, but that a party cannot use the jury right as a tool for forum shopping).
[77] *See In re MPF Holding US LLC*, 2013 Bankr. LEXIS 5772, at *6.
[78] *In re Blake*, 400 B.R. at 206.
[79] ECF No. 5 at 7.
[80] ECF No. 16 at 5, ¶ 18.

maximize the efficient use of resources to administer the debtor's estate and resolve related litigation."[81] That maximization stems from the specialty and experience of bankruptcy courts and is even greater when the bankruptcy court is familiar with the underlying facts of the case.[82] However, where a jury demand exists, immediate withdrawal better serves economic interests because it allows the district court to familiarize itself with the case early on.[83] While economic concerns should not be the sole factor in determining whether to withdraw a reference, so as to prevent inundating district courts with both core and non-core claims simply because the report and recommendation process exists, it is a factor that deserves thorough consideration.[84] Defendant does not address this factor in its Motion to Withdraw. Defendant does not argue that economical resources would not be impacted by the withdrawal of the reference in this case and thus Defendant has failed to meet its burden on this factor. Nevertheless, when dealing with a proceeding involving a bankruptcy estate and its creditors, the efficient use of the debtor's and creditors' resources in efforts to administer the debtor's estate and to resolve any related litigation is of significant importance.[85] When a trustee administering the bankruptcy estate needs to bring quick resolution to the matters at bar, and the bankruptcy court is familiar with the parties, the factual background, and the legal issues involved, the goals of judicial efficiency and economical use of the estate's resources are best met by allowing the suit to remain in the bankruptcy court.

Accordingly, the fourth factor weighs against withdrawal of the reference.

**5. The fifth factor: the bankruptcy process will be expedited**

---

[81] *In re MPF Holding US LLC*, 2013 Bankr. LEXIS 5772, at *6.
[82] *Cirillo v. Valley Baptist Health Sys. (In re Cirillo)*, 2014 Bankr. LEXIS 1353, at *26 (Bankr. S.D. Tex. Apr. 3, 2014).
[83] *In re MPF Holding*, 2013 Bankr. LEXIS 5772, at *7.
[84] *Lopez v. Portfolio Recovery Assocs., LLC (In re Lopez)*, 2017 Bankr. LEXIS 2221, at *38 (Bankr. S.D. Tex. Mar. 20, 2017) (citing *Harris-Nutall v. Nationstar Mortg., LLC*, 2016 Bankr. LEXIS 4623, at *25 (Bankr. N.D. Tex. May 19, 2016)).
[85] *In re Conseco Fin. Corp.,* 324 B.R. 50, 55 (N.D. Ill. 2005) (citing *Holland Am.,* 777 F.2d at 999).

This factor considers whether withdrawal would unduly delay the administration of the underlying bankruptcy case.[86] If withdrawal of the reference would unduly delay administration of the bankruptcy case, then withdrawal should be denied. Here, this Court has set the pre-trial conference for July 25, 2022.[87] Depending on the time it takes the District Court to hold a trial in this adversary proceeding, administration of the underlying bankruptcy case may be delayed. If the reference were not withdrawn, this Court has adequate time to conduct a trial and resolve this adversary proceeding in a timely manner, allowing for faster distribution of estate assets, should any be recovered in the suit.[88]

Accordingly, this factor weighs against withdrawal of the reference.

**6. The sixth factor: Defendant is not entitled to a jury**

The sixth Holland factor examines whether a party has demanded a jury trial.[89] Here, Defendant asserts that it timely demanded a jury trial.[90] As discussed above, however, Defendant waived its right to a jury trial and has no right to a jury trial for Trustee's claim. First, by failing to reassert a jury demand in response to the Amended Complaint containing a new cause of action, Defendant waived its right to a jury trial. Second, "the purpose of § 542 lies in equity."[91] Since the § 542 action seeks an equitable rather a legal remedy, Defendant is not entitled to a jury trial. Therefore, has failed to properly demand a jury trial and is not entitled to one.

Accordingly, this factor weighs against withdrawal of the reference.

## III. CONCLUSION

This Court recommends that the Honorable United States District Court deny Defendant's

[86] *In re Doctors Hosp. 1997, L.P.*, 351 B.R. at 869 (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)).
[87] ECF No. 10.
[88] *In re Morrison*, 409 B.R. at 394.
[89] *Compton v. GL Noble Denton (In re MPF Holding US LLC)*, 2013 Bankr. LEXIS 5772, at *3 (Bankr. S.D. Tex. Apr. 26, 2013) (citing *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).
[90] ECF No. 14 at 2.
[91] *In re Porretto*, No. 09-35324, 2012 WL 5177977, at *7.

Motion to Withdraw the Reference under either the mandatory or permissive withdrawal provision. First, neither of the two situations requiring mandatory withdrawal is applicable here. Next, this Court finds that the balance of factors enumerated in *Holland* weigh against permissive withdrawal. Most significantly, Trustee's action for turnover under § 542 is a core claim and Defendant has not properly demanded a jury trial. These two factors show that this Court is well-suited to adjudicate this adversary proceeding and enter a final order on the merits. To a lesser extent, maximization of the economic use of Debtor's and creditors' resources and expedition of the bankruptcy process also weigh against withdrawal. Conversely, the only factor weighing in favor of withdrawal is reduction of forum shopping. This Court does not find this factor to be particularly compelling given the facts at hand. Therefore, for the reasons set forth in this Court's Report & Recommendation this Court recommends denying Defendant's Motion to Withdraw.

Alternatively, if the District Court disagrees with the undersigned judge's analysis and concludes that cause exists to withdraw the reference, then this Court could maintain the reference until trial is ready to proceed.

SIGNED December 10, 2021

Eduardo Rodriguez
United States Bankruptcy Judge